IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

RICKY GRIFFIN, SR.,
JAMES C. NICHOLAS,
MARLON MANUEL, MARK CLARKE,
SANDRA CLARKE, DAVID
CLARKE, LINDA SPENCE,
JIM PAUL STEEKEN, SR.,
and SHARON E. STEEKEN,

Defendants.                                          No. 08-30170-DRH

## ORDER

**HERNDON, Chief Judge**:

Now before the Court is Defendant James Nicholas' motion to continue November 17, 2008 trial (Doc. 78). Defendant Nicholas states that his counsel, due to his recent appointment in another criminal case and trial schedule, needs additional time to prepare for trial. The Government does not object to the motion.

The Court **GRANTS** Defendant Nicholas' motion to continue November 17, 2008 trial (Doc. 75). The Court **CONTINUES** the jury trial scheduled for November 17, 2008 to **Monday, January 26, 2009 at 9:00 a.m.** This continuance of trial applies to all non-moving Defendants as well. ***United States v. Baker*, 40 F.3d 154, 159 (7th Cir. 1994)("'Under § 3161(h)(7), the excludable delay of one defendant may be ascribed to all defendants in the same case, absent**

severance.'")(quoting *United States v. Tanner*, 941 F.2d 574, 580 (7th Cir. 1991), *cert. denied*, 502 U.S. 1102 (1992)).

In continuing trial, the Court notes that four of the Defendants – Ricky Griffin, Sr., Mark Clarke, Sandra Clarke, and David Clarke, remain fugitives. These Defendants are still at large and have not yet been arraigned. Further, no motion for severance of the remaining Defendants has been filed or granted in this case, meaning all Defendants adhere to the same Speedy Trial clock. Because the Speedy Trial clock does not begin to run until the last co-defendant is arraigned, the 70-day window for conducting this trial has not yet come into play under the Speedy Trial Act. **See *United States v. Larson*, 417 F.3d 741, 745 n.1(7th Cir. 2005)("In the typical joint trial, the Speedy Trial clock begins when the last codefendant is arraigned.")(citing *United States v. Baskin-Bey*, 45 F.3d 200, 203 (7th Cir. 1995); *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); 18 U.S.C. § 3161(h)(7)); *United States v. Souffront*, 338 F.3d 809, 835 (7th Cir. 2003)(The Court found that the seventy-day clock commenced the day a fugitive – also the final co-defendant in the case - was arraigned)**. Thus, as the Speedy Trial Clock has not begun to run, there is no need to account for excluded time due to trial delays, such as when a trial is continued.

However, in the *alternative* to the finding that the Speedy Trial clock has yet to commence, the Court finds that the reason stated in the motion justifies reason for granting a continuance and excluding time under the Speedy Trial Act.

The Court being fully advised in the premises finds that Defendant Nicholas' counsel needs additional time to prepare for trial. Further, the Court finds that pursuant to **18 U.S.C. § 3161(h)(8)(A)**, the ends of justice served by the granting of such continuance outweigh the best interests of the public and *all* Defendants in a speedy trial. Therefore, the Court *alternatively* finds reason for granting the motion to continue. The Court hereby **CONTINUES** the jury trial set for November 17, 2008 to **Monday, January 26, 2009 at 9:00 a.m.** The time from the date the original motion was filed, October 17, 2008, until the date to which the trial is rescheduled, January 26, 2009, is excludable time for the purposes of speedy trial. The parties shall notify the Court if a change of plea hearing is necessary.

    **IT IS SO ORDERED.**

    Signed this 20th day of October, 2008.

/s/ David R Herndon
**Chief Judge**
**United States District Court**