**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**FILED**

JUN 1 2 2009

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST LOUIS OFFICE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 08-30170-DRH-CJP |
| | ) | |
| RICKY GRIFFIN, SR., | ) | |
| | ) | |
| Defendant. | ) | |

**PLEA AGREEMENT**

Pursuant to Rule 11 of Federal Rules of Criminal Procedure, the attorney for the Government and the attorney for the Defendant have engaged in discussions and have reached an agreement that contemplates the entry of a plea of guilty by the Defendant in this cause.

The full and complete Plea Agreement is as follows:

**I**.

1.      Defendant will cooperate fully with the United States.  Defendant agrees and acknowledges that his obligation to cooperate requires him to provide complete and truthful testimony under penalty of perjury before any Grand Jury or in any trial proceeding.  Furthermore, the Defendant understands that this agreement requires him to testify concerning all criminal activity about which he knows, whether or not Defendant was himself involved.

2.      Defendant also agrees and acknowledges that his obligation to cooperate requires him, upon request, to provide complete and truthful information to any Federal or State law enforcement agencies concerning any criminal activity about which he knows. Defendant agrees that any such information he provides law enforcement agencies will be complete and truthful.

3.      Besides the foregoing, the Defendant will do all things deemed necessary by the United States Attorney and/or any law enforcement agents to assist law enforcement personnel in their investigations into activities in which the Defendant is involved or about which he knows.

4.      Defendant further agrees that his obligation to cooperate includes providing information concerning his knowledge of criminal activity in the Southern District of Illinois, and elsewhere, including, but not limited to, all federal districts.

5.      The Defendant and the Government both agree that, pursuant to the United States Sentencing Commission *Guidelines Manual*, §1B1.8 [hereinafter "U.S.S.G."], information that the Defendant provides pursuant to his obligation to cooperate fully under the terms of this agreement shall not be used in determining Defendant's applicable guideline range.

6.      The United States will inform the Court of the extent of his voluntary cooperation; however, Defendant understands that the Court did not participate in this agreement, is not bound by any recommendations of the Government, and further, that he will not be allowed to withdraw his plea of guilty, once entered.

7.      Defendant will not be prosecuted in the Southern District of Illinois for any other crimes now known to the Government or to become known to the Government by virtue of Defendant's cooperation.

8.      In conjunction with the provisions of paragraphs 1, 2, 3, and 4, herein above, Defendant specifically agrees and acknowledges that if he does not cooperate fully or does not testify truthfully before the Grand Jury or at any trial in any federal district where he is called by the United States as a witness, then the United States is completely released from any obligation arising from this agreement and the Defendant is subject to full prosecution and punishment for any crime known

2

to the Government at this time. It is further understood that no action taken by the Government, pursuant to this paragraph, shall be grounds for the Defendant to withdraw his plea.

9.    Defendant acknowledges that he has been advised and does fully understand the following:

(a)    the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

(b)    that he has the right to plead not guilty or to persist in that plea if it has already been made, and he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

(c)    that if he pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, he waives the right to a trial; and

(d)    that if he pleads guilty, the Court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement; and

(e)    that if he pleads guilty, he will waive his right to persist in his plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and cross-examine witnesses against him at trial.

(f)    that if he pleads guilty, he is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), he will be forbidden by federal firearms laws from possessing any type of firearm in his lifetime, unless he obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

10.    Defendant agrees that this Plea Agreement and Stipulation of Facts constitutes the entire agreement between him and the United States and that no promises, inducements or representations, other than those specifically set forth in this Plea Agreement and Stipulation of Facts, were made to induce him to enter into this Plea Agreement and Stipulation of Facts.

11.    It is further understood that this agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. It is further understood that this Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

12.    Defendant understands that this offense is subject to provisions and guidelines of Title 28, United States Code, Section 994(a). Defendant has been advised and understands that the Sentencing Guidelines are advisory and that the Court will consider the applicable Guidelines in conjunction with 18 U.S.C. § 3553(a), in determining the appropriate sentence.

13.    Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $100 per felony count. Defendant agrees that he will pay the full amount of the special assessment prior to or at the time of sentencing.

14.    Defendant understands that the Court will impose a term of "supervised release" to follow incarceration. See 18 U.S.C. § 3583; U.S.S.G. § 5D1.1.

15.    Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision and that the Government will recommend the imposition of a fine. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts dated May, 2009, are, for imprisonment: $2,157.88 per month; for community confinement: $1,990.13 per month; and for supervision: $311.94 per month. The Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney, a Financial Statement (OMB-500).

16.    The Defendant states that he has read this agreement and has discussed it with his attorney, and understands it.

17.     The Defendant understands and agrees that if he commits any offense in violation of federal, state, or local law, or violates any condition of release, or violates any term or condition of this agreement, the Government is not bound by the provisions herein and may request that the Court impose on the Defendant any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release.  No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw his plea.

## II.

1.     The Defendant states that he is actually guilty of and will enter a plea of guilty to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); all in violation of Title 21, United States Code, Section 846; charging a conspiracy to knowingly and intentionally distribute, and possess with intent to distribute, a mixture or substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); all in violation of Title 21, United States Code, Section 846.  The penalties that can be imposed are a term of imprisonment from 10 years to life, a fine of not more than $4 million, and a term of supervised release of at least 5 years.  **However, the penalty that can be imposed is increased to mandatory life in prison due to the Defendant's having two prior drug felonies. The Defendant agrees that he is guilty of the following felonies: (1) United States District Court, Southern District of Illinois, case number 3:98CR30062-001, Possession of marijuana, a felony, sentence imposed on or about September 18, 1998; and (2) St. Clair County, Illinois, Circuit Court, case number 92-CF-1042, Unlawful Delivery of a Controlled Substance, sentence imposed on or about May 6, 1993.**  The Defendant is aware that the Government will

5

move to withdraw one of the previously filed mandatory sentencing enhancements upon the Court's acceptance of the Defendant's plea of guilty. **The Defendant's mandatory sentence will then be 240 months imprisonment due to the Defendant's being enhanced under Title 21, United States Code, Sections 841, 850, and 851.**

2.      The Government and the Defendant agree that the following constitutes the essential elements of the offense:

**COUNT ONE**

First:       That the conspiracy alleged in the indictment existed, and

Second:    That the Defendant knowingly and intentionally became a member of the conspiracy, with the intent to further the conspiracy.

The Defendant agrees and admits that his conduct violated these essential elements of the offense.

3.      The Government submits to the Court that it appears that under the Sentencing Guidelines, after all factors have been considered, the Defendant will have an Offense Level of 35 and a Criminal History Category of VI, where the sentencing range is 292-365 months.   The Government further submit that it appears that under the Sentencing Guidelines, after all factors have been considered, the Defendant's fine range will be $20,000 to $200,000, according to U.S.S.G. § 5E1.2. The Government and Defendant also submit to the Court that this submission is not intended to be binding on the Court and that the Court ultimately will determine the guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon.  The Defendant expressly recognizes that, regardless of the guideline range found or the sentence imposed by the Court, he will not be permitted to withdraw his plea.  The Government and the Defendant agree that the offense level and the criminal history category calculations submitted by the parties

6

herein constitute the parties' good faith efforts to inform the Court of their beliefs as to the applicable sentencing range and acknowledge that it is the Court which is ultimately responsible for determining the applicable Guideline range and determining the sentence which will be imposed. The Government agrees to recommend sentencing to the low end of the range ultimately found by the Court.  The Government specifically reserves the right to argue for, present testimony or otherwise support the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the submitted calculations set forth herein by the Defendant and the Government).  The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of the Defendant.

4.      Defendant and the Government agree that the total quantity of marijuana constituting this Defendant's relevant conduct was approximately 2,850 kilograms (6,260 pounds), thereby creating an initial Guideline Offense Level of 32.  **Defendant and the Government agree that the Defendant was in possession of firearms during the commission of this offense, thereby, pursuant to Section 2D1.1(b)(1), increasing the Guideline Offense Level to 34.**

5.      Defendant and the Government agree that Defendant has not obstructed justice in this case and therefore, pursuant to the Sentencing Guidelines, Chap. 3, Part C (3C1.1) the Offense Level will not be increased.

7

6.     **Defendant and the Government agree that his role in the offense was such that his offense level should be increased (under 3B1.1) four levels due to the Defendant's being an organizer/leader of a criminal activity involving five or more individuals, thereby increasing the Defendant's Offense Level to 38.**

7.     Defendant and the Government agree that no victim-related adjustments apply to this offense (Chap. 3.A).

8.     It appears that the Defendant has amassed fourteen (14) Criminal History points and that, therefore, his Sentencing Guideline Criminal History Category is VI.  The Defendant reserves the right to oppose the finding as to the Defendant's Criminal History Category by the United States Probation Office.   The Defendant's Criminal History Category is based upon the following information:

| Date | Charge | Disposition | Guideline | Score |
|------|--------|-------------|-----------|-------|
| 6/12/91 | Unlawful poss. Weapon | Guilty | 4A1.1(c) | 1 |
| 11/08/91 | Manufacture Heroin | Guilty | 4A1.1(c) | See Below |
| 05/06/93 | Unlawful Delivery Controlled Substance | Guilty | 4A1.1(a) | 3 |
| 06/26/95 | Possession of Cannabis | Guilty | 4A1.1(c) | 1 |
| 05/11/98 | Possession of Marijuana | Guilty | 4A1.1(c) | 3 |
| 02/29/08 | Possession of Drug Paraphenalia | Guilty | 4A1.1(c) | 1 |

8

\*    Two points are added to the Defendant's Criminal History, pursuant to Section 4A1.1(d), based on his commission of the instant offense after August 2002, while on supervised release.

\*    Three points are added to the Defendant's Criminal History based on his 1991 Manufacture of Heroin conviction, as well as an October 1992-February 1993 prison sentence for revocation of probation related to this conviction. Thus, the Defendant has fourteen criminal history points in total.

Defendant expressly recognizes that the final calculation will be determined by the Court after considering the Presentence Report, the views of the parties and any evidence submitted prior to sentencing. Defendant recognizes that, regardless of the criminal history found by the Court, he will not be able to withdraw his plea.

9.    Defendant and the Government agree that Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and has either timely provided complete information to the Government concerning his own involvement in the offense or timely notified authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, or both. Therefore, the Government will recommend a reduction of three levels, reducing the Offense Level to 35 (from Offense Level 38, as computed in paragraph 6).

10.    The Defendant understands that the Government will recommend the imposition of a fine at the low end of the guideline range. The Defendant understands that the Government's recommendation may be based in part on the Defendant's projected earnings through the Inmate Financial Responsibility Program.

11.    Defendant and the Government agree that based upon substantial assistance rendered through the complete and total cooperation of Defendant, the Government may, in the sole discretion

of the United States Attorney, file either a motion under § 5K1.1 of the Sentencing Guidelines or a motion under Rule 35 of the Federal Rules of Criminal Procedure advising the Court of a recommended reduction in sentence. The Government believes that the Defendant, Ricky Griffin, has truthfully and completely proffered information that the Government believes constitutes substantial assistance. The Defendant has an ongoing obligation to continue this cooperation and to make himself available to cooperate and/or testify in the future. In exchange for this continued cooperation, the Government represents that it intends to file a motion requesting a downward departure pursuant to Rule 35 or § 5K1.1 of the Sentencing Guidelines. The Motion, if any, will only be filed if the assistance rendered by the Defendant is found to be complete and thoroughly truthful, regardless of the outcome of any trial or hearing at which the Defendant may testify. The Defendant understands that any reduction of sentence, and the extent of that reduction, lies in the discretion of the Court.

12.     Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report in this matter. Said cooperation will include signing all releases, as requested.


### III.

1.     The Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised his right to trial. The Defendant states that he is fully satisfied with the representation he has received from his counsel, that they have discussed the Government's case, possible defenses and have explored all areas which the Defendant has requested relative to the Government's case and his defense.

2.      The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of her conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government. Defendant knowingly and voluntarily waives his right to seek a pardon, whether before or after his release from custody.

3.      Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the Defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

4.      Defendant's waiver of his appeal and collateral review rights shall not affect the Government's right to appeal Defendant's sentence pursuant to 18 U.S.C. § 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

5.      Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

6.      Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

### IV. (Forfeiture)

1. Agreement to forfeit assets.

The Defendant agrees to forfeit to the United States immediately and voluntarily any and all property, constituting or derived from any proceeds he obtained, directly or indirectly as a result of the violations described in Count 1 of the Indictment and any of his property used, or intended to be used, in any manner or part to facilitate the commission of such violations described in Count 1 of the Indictment.  The assets to be forfeited specifically include but are not limited to the following property:

**One 2003 Cadillac Escalade, VIN: 3GYFK66N73G243440, with all accessories, attachments and components thereon.**

12

All assets to be forfeited include property used or intended to be used to facilitate the commission of the offense to which the Defendant is pleading guilty as well as any and all property constituting proceeds from said offense. By agreeing to this forfeiture, Defendant is in no way or manner calling into question any or all administrative forfeiture proceedings which may have already occurred in this case. If such proceedings have been finalized, that finality is in no way called into question by this plea, but if those proceedings have not been finalized, Defendant's plea herein is made, in part, to acknowledge and approve those proceedings.

The defendant warrants that he is the sole owner of the subject-matter property and that no other person or entity has any right, title, or interest in same.

The United States may abandon forfeiture of any item of property by filing notice of same with the Court.

    2.    <u>Forfeiture of other assets and entry of forfeiture monetary judgment</u>.

The Defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the Defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the Defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause.

The Defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the Defendant's sentence. Forfeiture of the Defendant's assets shall not be

treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the Defendant in addition to forfeiture.

The United States may, but is not obligated to, accept money in lieu of forfeiture of any particular asset pursuant to 19 U.S.C. § 1613(c), and the provisions of said 19 U.S.C. § 1613(c) are hereby incorporated.

3.    Assist in recovery of assets.

The Defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, the signing of any other documents necessary to effectuate such transfers, and the execution of withdrawals of any claims or defenses which may have previously been asserted against the forfeiture of any of the property. The Defendant further authorizes his attorney, John Rogers, to execute on the Defendant's behalf any documents requested by the Government to effectuate the forfeitures.

The Defendant agrees to consent to any civil or administrative forfeiture brought against the properties described above pursuant to 21 U.S.C. § 881. The Defendant waives service of process or notice in any such civil proceeding and agrees that an order for forfeiture may be entered in said civil proceeding without further notice or hearing.

If requested by the Government, all steps necessary to locate property and to pass title to the United States shall be completed before the Defendant's sentencing.

The Defendant agrees that forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, costs of imprisonment, or any other penalty this Court may impose upon the Defendant in addition to forfeiture.

14

4.    Defendant asserts that he has no legal or equitable interest in the following properties, agrees that he has no objection to the forfeiture of same, and hereby consents to their forfeiture:

A.    ASSORTED JEWELRY CONSISTING OF:

    1)    CHAIN: 14kw GENTS CHAIN NECKLACE;

    2)    BENNY & CO. DIAMOND CHRONOGRAPH WATCH w/10 "FLOATING" DIAMONDS;

    3)    14k HORSESHOE IN A CIRCLE MOTIF DIAMOND PENDANT & CHAIN; and

    4)    14k CLAPPING HANDS IN HORSESHOE MOTIF DIAMOND PENDENT & CHAIN .

B.    ONE 2006 MERCEDES BENZ CLS 500 VIN:WDDDJ75X16A021106;

C.    ONE 2003 CADILLAC ESCALADE VIN: 3GYFK66N73G243440;

D.    ONE 1961 OLDSMOBILE STARFIRE VIN: 616C01229;

E.    ONE 1966 CHEVROLET IMPALA SS VIN: 16437STL025732;

F.    U.S. CURRENCY IN THE AMOUNT OF $196,635.00;

G.    U.S. CURRENCY IN THE AMOUNT OF $187,290.00;

H.    U.S. CURRENCY IN THE AMOUNT OF $136,420.00;

I.    U.S. CURRENCY IN THE AMOUNT OF $90,291.00;

J.    U.S. CURRENCY IN THE AMOUNT OF $75,000.00; and

K.    U.S. CURRENCY IN THE AMOUNT OF $7,890.00.

5.      Waiver of rights.

The Defendant further specifically waives the following constitutional or legal rights which

he may otherwise possibly have had:

(a)      Any right to assert that the forfeiture violates the 8th Amendment of the Constitution or otherwise constitute an excessive fine or forfeiture or cruel and unusual punishment.

(b)      Any right to assert that the imposition of the forfeiture constitutes jeopardy with respect to the constitutional prohibition against double jeopardy; and the Defendant specifically agrees that the imposition of any fine, restitution, imprisonment, costs of imprisonment, or penalty (either judicial or administrative) shall not be barred by the imposition of the forfeiture, nor shall the imposition of the forfeiture be barred by any such fine, restitution, imprisonment, costs of imprisonment, or penalty (either judicial or administrative).

(c)      Any requirement that the forfeitures must be commenced or completed at or by any particular time, including but not limited to any time or date imposed by a statute of limitations, any other statute, the doctrine of laches, or any administration rule or regulation.  The Defendant further specifically agrees that the Court may immediately enter a preliminary order of forfeiture in this criminal proceeding consistent with this plea agreement and that it is not necessary to wait for the formal sentencing of the Defendant for the entry of said order.

**IV**.

No matters are in dispute.

A. COURTNEY COX
United States Attorney

_____
RICKY GRIFFIN, SR.
Defendant

_____
DANIEL T. KAPSAK
Assistant United States Attorney

_____
JOHN ROGERS
Attorney for Defendant

Date: 6/12/09

Date: 6/12/09

17