IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

  vs.          CRIMINAL NO. 08-30170-DRH-CJP

RICKY GRIFFIN, SR.,

    Defendant.

## ORDER OF FINDING OF THIRD-PARTY INTERESTS

On September 25, 2009, this court entered an order for forfeiture against defendant Ricky Griffin, Sr., for the following property which had been seized from said defendant:

**One 2003 Cadillac Escalade, VIN: 3GYFK66N73G243440, with all accessories, attachments and components thereon.**

Said order further provided that the government would provide an opportunity for persons to claim a legal interest in the property pursuant to 21 U.S.C. § 853(n)(1).

The court notes that notice was published by the government on an official government website, www.forfeiture.gov, for 30 consecutive days beginning October 27, 2009, and ending November 25, 2009. No third party filed a petition within 30 days after the last date of said publication to allege an interest in the property, except for GMAC, LLC.

1

GMAC, LLC has a valid lien on the subject-matter vehicle, and said lien was obtained by GMAC, LLC as a valid bonafide purchaser for value of said interest and without reasonable cause to believe that the property was subject to forfeiture at the time that GMAC, LLC acquired said interest.

The Court finds that as of January 5, 2010, the amount of said lien on the subject-matter vehicle totals $6,616.16 and that no additional interest or other amounts have accrued or will be accruing on the indebtedness since that date.

With the exception of the claim of GMAC, LLC, the Court hereby finds that all right, title, and interest in the subject-matter vehicle rests in the United States of America, and the United States Marshal is hereby ordered to sell said vehicle and to dispose of the proceeds according to law.

The proceeds from the sale of said vehicle shall be paid in the priority indicated:

    a.    All costs of the forfeiture action and other expenses and costs incurred by the United States in advertising, maintaining, storing, disposing, and transferring the subject-matter vehicle;

    b.    $6,616.16 to be paid to GMAC, LLC, through its attorney Nelson L. Mitten;

    c.    All remaining proceeds to be distributed by the United States Marshal as forfeited property.

Should the proceeds from the sale of the property not be adequate to pay off the foregoing lien of GMAC, LLC, then the United States and the United States Marshal shall not be liable for any deficiency.

Should the Marshal determine that it will be likely that there will be no equity left in the vehicle after paying off the lien of GMAC, LLC, the Marshal may, in his discretion, transfer said vehicle to GMAC , LLC in satisfaction of its lien instead of selling the vehicle.

The United States Marshal  may, as an alternative, transfer the vehicle to a law enforcement

agency for official use, as long as the foregoing lien is paid off at or prior to the time of the transfer.

**DATE:** March 23, 2010

/s/ David R Herndon

**DAVID R. HERNDON**
**Chief Judge**
**United States District Court**